1  KEVIN VICK, Cal Bar No. 220738
     kvick@jassyvick.com
2  MEGHAN FENZEL, Cal Bar No. 324139
     mfenzel@jassyvick.com
3  **JASSY VICK CAROLAN LLP**
   355 South Grand Avenue, Suite 2450
4  Los Angeles, California 90071
   Telephone:   310-870-7048
5  Facsimile:    310-870-7010

6  Attorneys for Nonparty Movant
   STRANGE BREW STRATEGIES

   UNITED STATES DISTRICT COURT

   FOR THE NORTHERN DISTRICT OF CALIFORNIA

   SAN FRANCISCO DIVISION

| STRANGE BREW STRATEGIES, LLC<br><br>Movant,<br><br>vs.<br><br>RYDER RIPPS and JEREMY CAHEN,<br><br>Respondent.<br><br>YUGA LABS, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>RYDER RIPPS and JEREMY CAHEN,<br><br>Defendants. | Case No. 3:23-mc-80072<br><br>**DECLARATION OF MEGHAN FENZEL IN SUPPORT OF STRANGE BREW STRATEGIES' MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER**<br><br>[Related to Case No. 2:22-cv-4355-JFW-JEM (C.D. Cal. filed June 24, 2022)]<br><br>Date:   TBD<br>Time:   TBD<br>Crtrm:  TBD<br>Judge:  TBD |
|---|---|

1    I, Meghan Fenzel, under penalty of perjury and subject to 28 U.S.C. § 1746, declare as follows:

2    1. I am an attorney for nonparty movant Strange Brew Strategies ("SBS") in the above-captioned miscellaneous action related to the underlying litigation *Yuga Labs, Inc. v. Ryder Ripps et al.*, No. 2:22-cv-4355-JFW-JEM, a trademark infringement case pending in the United States District Court for the Central District of California. I have personal knowledge of the matters set forth in this declaration. I make this declaration in support of SBS's motion to quash subpoena and motion for protective order related to subpoenas served by Defendants Ryder Ripps and Jeremy Cahen.

3    2. On December 12, 2022, corporate counsel for SBS received a document subpoena and deposition subpoena from Defendants Ryder Ripps and Jeremy Cahen. The document subpoena had a production deadline of midnight following the Christmas federal holiday, and the deposition was noticed for 9:00 a.m. on January 2, 2023. A true and correct copy of the subpoenas as received by SBS is attached as **Exhibit 1.**

4    3. On December 16, 2022, Judge Walter issued an order denying Defendants' anti-SLAPP motion and motion to dismiss the Complaint, except with respect to Plaintiff's cause of action for unjust enrichment. In their motion, Defendants had argued that Yuga's trademark lawsuit was an attempt to silence Ripps and Cahen's critique and that their "satirical" NFT collection, RR/BAYC, was protected speech. Denying the motion, Judge Walter held that the First Amendment Rogers test did not apply to the marks at issue and that Defendants failed to demonstrate that Plaintiff's trademark claims arose from protected speech and thus failed to meet the requirements of California's anti-SLAPP statute. *See Yuga Labs, Inc. v. Ryder Ripps et al.*, No. 2:22-cv-4355-JFW-JEM, Dkt. 62 (C.D. Cal. Dec. 16, 2022); Fed. R. Evid. 201.

5    4. On December 21, 2022, having just come onboard as SBS's counsel, I reached out to Defendants' counsel and, in light of the holidays, requested an extension to respond and object to the subpoenas. Defendants agreed. A true and correct copy of that correspondence with defense counsel is attached as **Exhibit 2.**

5. Also on December 21, 2022, Defendants filed notice that they were appealing the court's order on their anti-SLAPP motion. Defendants did not move to stay proceedings at that time. *See Yuga Labs, Inc. v. Ryder Ripps et al.*, No. 2:22-cv-4355-JFW-JEM, Dkt. 63 (C.D. Cal. Dec. 21, 2022); Fed. R. Evid. 201.

6. On December 28, 2022, counsel for the Defendants emailed me a copy of Defendants' counterclaims filed at Dkt. 65 and included the note, "Please see the attached counterclaims. We believe they will inform the scope of production for Strange Brew Strategy's subpoena." See **Exhibit 2;** *see also Yuga Labs, Inc. v. Ryder Ripps et al.*, No. 2:22-cv-4355-JFW-JEM, Dkt. 65 (C.D. Cal. Dec. 27, 2022); Fed. R. Evid. 201. Defendants counterclaims seek declaratory relief of no copyright infringement and no defamation and claiming intentional and negligent infliction of emotional distress against Yuga Labs for "retaliating" and attempting to silence Ripps and Cahen's for accusing BAYC of racism.

7. On January 13, 2023, I served counsel for all parties with a letter and SBS's responses and objections to Defendants' subpoenas. A true and correct copy of SBS's responses and objections is attached as **Exhibit 3.**

8. A true and correct copy of SBS's January 13 letter to defense counsel is attached as **Exhibit 4.**

9. On January 17, 2023, Magistrate Judge McDermott's issued an order denying Defendants' motion to compel production of documents from Yuga Labs. In that order, Judge McDermott noted parallels between Defendants' counterclaims and Defendants' legal theories that the district court rejected in its December 16, 2022 ruling on Defendants' anti-SLAPP motion. Judge McDermott's order acknowledged how "Yuga Labs plans to move to dismiss those counterclaims," based on information shared in the January 10, 2023 supplemental briefing. Judge McDermott concluded that, "The issue of whether Defendants can introduce the Inflammatory Material by the backdoor of a counterclaim is a merits issue within the province of the District Court. Thus, the Court will withhold ruling on whether Yuga must respond to the above discovery requests as to Defendants' counterclaims until the District Court rules on the viability of those counterclaims." *Yuga Labs, Inc. v. Ryder Ripps et al.*, No. 2:22-cv-4355-JFW-JEM, Dkt. 87 (C.D.

Cal. Jan 17, 2023); Fed. R. Evid. 201.  A true and correct copy of Judge McDermott's January 17, 2023 order is attached as **Exhibit 5.**

10. That day, I contacted defense counsel to inquire if Judge McDermott's order meant the subpoenas were withdrawn or on hold pending resolution of Plaintiff's motion to dismiss and special motion to strike.  Defendants suggested we meet and confer.  A true and correct copy of that correspondence with defense counsel is attached as **Exhibit 6.**

11. Yuga Labs filed their motion to dismiss and special anti-SLAPP motion to strike on January 18, 2023.  Plaintiff had initially filed the motion on January 16, but the filing was stricken for occurring on a federal holiday.  *Yuga Labs, Inc. v. Ryder Ripps et al.*, No. 2:22-cv-4355-JFW-JEM, Dkt. 86 (C.D. Cal. Jan 16, 2023); *id.* Dkt. 88, 89 (C.D. Cal. Jan. 18, 2023); Fed. R. Evid. 201.

12. On January 20, 2023, I conferred with Defendants' counsel, Henry Nikogosyan.  We came to a constructive compromise narrowing the scope of SBS's production and agreeing to take the SBS deposition off calendar.  The compromise was based on two core premises upon which SBS relied in evaluating the appropriate manner to respond to the subpoenas: (1) SBS would only be expected to produce documents related to ongoing discovery, and (2) Yuga Labs, as the plaintiff, was producing relevant documents in their possession.

13. As a result, Defendants and SBS compromised that at the end of February, SBS would produce documents related to the Defendants and their IIED and NIED claims that were not already in the possession, custody, or control of the parties.  In light of Defendants' active public commentary on this lawsuit, Mr. Nikogosyan also agreed that SBS could liberally invoke the governing Protective Order to protect personal contact information of SBS employees, particularly rank and file staff.

14. In the conversation, Mr. Nikogosyan represented to me that due to Judge McDermott's order, document production was paused on counterclaims related to "Inflammatory Materials" but ongoing as to other counterclaims.

15. During this conversation, I also confirmed that Defendants were aware that the SBS staffer primarily charged with managing the Yuga Labs account was no longer employed with SBS

1  and worked in-house at Yuga Labs.  I noted how any SBS deposition would therefore not be as
2  fruitful as a party deposition.
3     16.   Following that conversation, I conducted SBS document review under those
4  parameters, and we took the SBS deposition off calendar.
5     17.   On February 15, 2023, Defendants filed a motion to compel document production
6  from Yuga Labs.  In the accompanying papers, Defendants argued the discovery was relevant to
7  affirmative defenses, but Yuga Labs argued that the motion was "another transparent attempt to
8  seek discovery on Defendants' counterclaims and Inflammatory Material allegations." *See Yuga
9  Labs, Inc. v. Ryder Ripps et al.*, No. 2:22-cv-4355-JFW-JEM, Dkt. 103-1 at 35–41 (C.D. Cal. Feb
10 15, 2023); Fed. R. Evid. 201; *see also* Dkts. 103-9, 103-14.
11    18.   On February 17, 2023, Defendants filed a notice indicating their intent to file a
12 motion to stay proceedings pending their appeal of the court's December 16, 2022 order. *See Yuga
13 Labs, Inc. v. Ryder Ripps et al.*, No. 2:22-cv-4355-JFW-JEM, Dkt. 106 (C.D. Cal. Feb 17, 2023);
14 Fed. R. Evid. 201.
15    19.   Later that day, I emailed all parties asking if SBS should stand down on nonparty
16 discovery in light of the Defendants' motion to stay or at least until the court resolved the disputes
17 on the proper scope of discovery.  To me, Defendants' intention to seek a stay seemed inconsistent
18 with a desire to continue imposing discovery burdens on a nonparty like SBS.  A true and correct
19 copy of that correspondence with defense counsel is attached as **Exhibit 7.**
20    20.   Defendants' counsel responded that they did not agree to suspend their subpoena to
21 SBS.  Defendants further detailed, "And, in fact, there has been ongoing discovery on counterclaims
22 in this case since as early as January 11. If your understanding of all this is different, please let me
23 know."  They also insisted that their motion to stay proceedings did not pause their pending
24 subpoenas.  *See* **Exhibit 7**.
25    21.   On February 23, 2023, Defendants filed their motion to stay proceedings pending
26 their appeal of the court's December 16, 2022 order denying their anti-SLAPP motion. *See Yuga
27 Labs, Inc. v. Ryder Ripps et al.*, No. 2:22-cv-4355-JFW-JEM, Dkt. 118 (C.D. Cal. Feb 23, 2023);
28 Fed. R. Evid. 201.  In that motion, Defendants argued "Allowing the case to proceed as currently

scheduled will accordingly produce significant inefficiencies that disproportionately burden Defendants." *Id.* at 1. Defendants' motion to stay did not inform the Court that Defendants were continuing to press nonparty SBS to go to the time and expense of further responding to discovery, notwithstanding Defendants' request to stay the action to avoid inefficiencies and undue burden to Defendants.

22. On February 24, 2023 responding to the email thread with Defendants and SBS, counsel for Yuga Labs responded, "We disagree with your mischaracterization as to the current state of discovery. As you know, the parties currently dispute whether a number of Defendants' discovery requests in the motion to compel impermissibly call for documents related to Inflammatory Material and Defendants' counterclaims (both of which are precluded by the Court's January 17 Order)." Yuga Labs further noted, "Given that these issues are currently pending before the Court (or the court has already ruled are not proper discovery), it is improper to require a non-party to produce such documents." *See* **Exhibit 7**.

23. On February 24, Defendants' counsel responded to Yuga Labs' counsel and criticized Yuga's response. Defendants then suggested SBS must either produce documents or move to quash the subpoena. *See* **Exhibit 7**.

24. On March 1, 2023, I served Defendants with a letter requesting that we meet and confer regarding a motion to quash and motion for protective order if Defendants would not agree to pause enforcement of their subpoenas pending the Court's resolution of the scope of discovery. A true and correct copy of that March 1 letter is attached as **Exhibit 8**. In my letter, I mistakenly cited to Dkts. 130-1, 130-9, and 130-14 when I meant Dkts. 103-1, 103-9, and 103-14.

25. On March 2, 2023, Defendants responded with their own letter and confirmed their position that they would not suspend SBS's subpoenas, even in light of their motion to stay. A true and correct copy of that March 2 letter is attached as **Exhibit 9.**

26. On March 3, 2022, I met and conferred with Defendants' counsel, Derek Gosma and Henry Nikogosyan. They explained their position that discovery was ongoing despite pending motions and declined to agree to any pause or further extension for SBS pending the court's rulings on the parties' pending motions. I acknowledged Defendants' position and explained that SBS had

entered the previous compromise based on the Defendants' prior representation that discovery was ongoing on counterclaims, but Yuga Labs had since clarified that Defendants' representation was not true. Defendants conceded one point: if the court issued an order staying all proceedings before resolution of this motion, Defendants would agree to suspend SBS's subpoena. Because of the parties' dispute and the several pending motions on the issues, including Defendants' motion to stay, I confirmed that SBS would seek relief from the court.

27. Following the call, Defendants' counsel sent an email summarizing their position. I responded on March 6, 2023 clarifying SBS's position and confirming our intent to bring a motion. A true and correct copy of that correspondence with defense counsel is attached as **Exhibit 10.**

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 13, 2023.

Respectfully submitted,

_/s/ Meghan Fenzel_
MEGHAN FENZEL