# EXHIBIT 3

**JASSY VICK CAROLAN** LLP
KEVIN L. VICK, Cal. Bar No. 220738
  kvick@jassyvick.com
MEGHAN FENZEL, Cal. Bar No. 324139
  mfenzel@jassyvick.com
355 South Grand Ave., Suite 2450
Los Angeles, California 90071
Telephone:  310-870-7048
Facsimile:   310-870-7010

Attorneys for Nonparty
STRANGE BREW STRATEGIES

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| YUGA LABS, INC., <br><br>        Plaintiff and <br>        Counterclaim Defendant, <br><br>    vs. <br><br> RYDER RIPPS, JEREMY CAHEN, <br><br>        Defendants and <br>        Counterclaim Plaintiffs. | Case No. 2:22-cv-04355-JFW-JEM <br><br> Honorable John F. Walter <br> Honorable John E. McDermott <br><br> **NONPARTY STRANGE BREW STRATEGIES' OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

Nonparty Strange Brew Strategies ("SBS") respectfully submits the following objections to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action from Defendants Ryder Ripps and Jeremey Cahen in the above-captioned matter.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

Each of SBS's responses is subject to and incorporates the following general objections. The assertion of the same, similar, or additional objections, or a partial response to any individual Request for Production does not waive any of SBS's general objections.

1.    SBS objects to the Subpoena to the extent it asks SBS to assume any obligation beyond the Federal Rules of Civil Procedure, relevant Local Rules of the Central District of California, or any other applicable rule or law. SBS reserves the right to move to quash or alter the Subpoena, move for a protective order, or make any other motion to preserve its rights, as a nonparty, in connection with the Subpoena and related deposition subpoena.

2.    SBS objects to the Subpoena in its entirety on the grounds that it fails to allow a reasonable time to comply, particularly given the service and deadlines imposed during the holidays, the overly broad and unduly burdensome scope, the fact that SBS is not a party to the Action, and the fact that the Court has set the discovery period to extend through April 3, 2023. *See* Dkt. 57.

3.    SBS objects to each and every request for production set forth in the Subpoena and Attachment A to the Subpoena to the extent each calls for documents and/or information that is neither relevant to the parties' claims, counterclaims, or defenses in the Action, nor reasonably calculated to lead to the discovery of relevant, admissible evidence. SBS objects to Requests relevant to legal theories the Court rejected as a matter of law in its December 16, 2022 order. *See* Dkt. 62. SBS further objects to Requests relevant to Defendants' counterclaims, filed December 27, 2022,

that are subject to motions to strike and/or dismiss, per the Parties' joint filing on January 9, 2023. *See* Dkt. 78. SBS further objects to the Requests to the extent that they parallel disputed discovery requests between the Parties and are subject to at least one pending Motion to Compel. *See* Dkts. 69-1, 80, 81.

4.     SBS further objects to each and every Request on the grounds that each calls for documents and/or information where the burden and/or expense associated with the search, review, and production of documents disproportionately outweighs the relevance, if any, of the documents and/or materials sought. SBS objects to each and every Request to the extent it is not proportional to the needs of the case considering SBS's status as a nonparty, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense that will result to the Responding Party in locating and producing the requested documents (to the extent they exist) compared to any benefit to the Parties or relevance to the case.

5.     SBS objects to each and every Request to the extent it seeks documents and/or information that is publicly available, accessible from the Parties to the Action and/or already in one or more of the Parties to the Action's possession, custody, or control and thus obviates the need to impose burdensome legal obligations on a nonparty.

6.     SBS objects to each and every Request to the extent it calls for the production of documents or information of any third party other than SBS. Any information and/or documents of third parties shall only be provided to the extent permitted by law, and to the extent the provision of such information would not breach a contractual obligation.

7.     SBS objects to each and every Request to the extent it seeks documents or information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege, protection, doctrine, or immunity. Any production by SBS, inadvertent or otherwise,

of information protected from disclosure by any such privilege, protection, doctrine, or immunity shall not constitute or be deemed to constitute a waiver by SBS of such protections.

8.    SBS objects to each and every Request to the extent it is harassing, oppressive, duplicative, vague, ambiguous, overly broad, unduly burdensome, or would require unreasonable investigation by SBS to respond, including to the extent the Request seeks "[a]ll communications" or "[a]ll documents," including "[a]ll drafts or non-final versions, alterations, modifications, and amendments" about broad categories of information.

9.    SBS objects to the definitions of the terms "Yuga," "Plaintiff," "Strange Brew Strategies," "You," "Your," "Yuga Founders," "Defendants," "Litigation," "Asserted Mark," "Digital Platform," "Document(s)," "Communication(s)," "Relating," "Person(s)," "Identify," in paragraphs 1–5, 9, 10, 12–16 of the Definitions section of Attachment A to the Subpoena as vague, ambiguous, compound, overly broad, unduly burdensome, and oppressive.

10.    SBS objects to the definition of "NFT" and "RR/BAYC NFT" in paragraphs 7 and 8 of the Definitions section of Attachment A to the Subpoena as vague, ambiguous, compound, overly broad, unduly burdensome, oppressive, and drawing a legal conclusion.

11.    SBS objects to the definition of "Inflammatory Material" in paragraph 11 of the Definitions section of Attachment A to the Subpoena as vague, ambiguous, compound, overly broad, unduly burdensome, oppressive, nonsensical, and drawing a legal conclusion.

12.    SBS objects to the Definitions and Instructions sections of Attachment A to the Subpoena to the extent that they, or any of them, purport to impose any duty or obligation that is inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure, the relevant Local Rules of the Central District of California to, or any other applicable rule or law.

13.     SBS objects to the Requests to the extent that they, or any of them, seeks material for date ranges that extend beyond the time period relevant to the claims and issues in this Action, and as a result are overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. SBS objects that the burden associated with producing the requested material is not outweighed by the potential relevance, if any, of the material sought.

14.     SBS objects to each and every Request to the extent it purports to impose a burden on SBS to ascertain information or collect documents that are not within SBS's possession, custody, or control.

15.     SBS objects to each and every Request to the extent it seeks the production of documents or the disclosure of information that constitutes or contains confidential, sensitive, private, proprietary information, and/or trade secrets.

16.     SBS objects to the Subpoena to the extent that it seeks information and/or documents protected by the SBS's or any other part(ies)' or person's rights to privacy under the California or United States Constitutions, or any other applicable laws.

17.     SBS objects to the Subpoena to the extent it seeks information for use beyond litigating this Action. SBS provides objections and responses subject to the operative Protective Order and will pursue all appropriate remedies for violations of the Protective Order.

18.     These objections and responses are made solely for the purpose of this Action. Each objection and response is subject to all objections as to:

        a. The competency, relevancy, materiality, propriety, and admissibility of any such response and the related subject matter for any purpose and in any further proceedings in this Action (including trial) and in any other action or matter;

b.  The use of any such response or the subject matter thereof on any ground in any further proceeding in this lawsuit (including trial) and in any other action or matter;

c.  Any ground at any time to a demand or request for further response; and

d.  The right at any time to review, correct, supplement, or clarify any of the responses contained herein.

19.     SBS's investigation is ongoing. All objections and responses to these Requests therefore are made based on SBS's investigation to date and upon information currently available to and located by it after reasonable inquiry. SBS's failure to object to the Subpoena, or any of the Requests, on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time. SBS reserves the right to amend, supplement, or modify its objections and responses as further information becomes available and known and such information is analyzed.

20.     Nothing in SBS's objections or limitations—nor any omission—shall be construed as an admission by SBS of the existence or nonexistence of evidence.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

Subject to and without waiving the Preliminary Statement and General Objections set forth above, SBS responds and objects to the individual Document Requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All agreements or contracts between Yuga and Strange Brew Strategies regarding this Litigation, the Complaint, the Asserted Marks, the Defendants, RR/BAYC NFTs, or accusations/criticism relating to Yuga's use of Inflammatory Material.

5

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

2        SBS incorporates by reference as if fully set forth in here its Preliminary

3   Statement and General Objections. SBS objects to this Request on the grounds that it

4   is overly broad, unduly burdensome, compound, vague, ambiguous, harassing, and

5   oppressive. SBS objects that this Request is not relevant to any valid claims,

6   defenses, or counterclaims to this Action, and any purported relevance is outweighed

7   by the burden imposed on nonparty SBS having to search for, review, and produce

8   such documents, to the extent they exist. SBS objects to this Request to the extent it is

9   not proportional to the needs of the case considering SBS's status as a nonparty, the

10  parties' relative access to relevant information, the parties' resources, the importance

11  of the discovery in resolving the issues, and the burden and expense that will result to

12  the Responding Party in locating and producing the requested documents (to the

13  extent they exist) compared to any benefit to Defendants or relevance to the case.

14  SBS further objects to the extent this Request calls for the disclosure of information

15  protected from disclosure by the attorney-client privilege, the attorney work product

16  doctrine, the common interest privilege, or any other privilege, doctrine, protection,

17  or immunity. SBS further objects on the grounds that this Request seeks confidential,

18  sensitive, proprietary and/or private information, and/or trade secrets. SBS objects to

19  the phrase "accusations/criticism relating to Yuga's use of Inflammatory Material"

20  and the term "Inflammatory Material" as vague, ambiguous, compound, overly broad,

21  unduly burdensome, oppressive, nonsensical, and drawing a legal conclusion. SBS

22  objects to this Request to the extent it assumes the existence of documents that do not

23  exist.

24        SBS objects to the extent the information sought by this Request is equally or

25  exclusively within the possession, custody, or control of one or more of the Parties to

26  the Action, and to the extent that discovery on the same matter has not been

27  exhausted from the Parties to the Action.

28

1  **REQUEST FOR PRODUCTION NO. 2:**

2      All Documents and Communications between Yuga and Strange Brew

3  Strategies regarding this Litigation, the Complaint, the Asserted Marks, the

4  Defendants, RR/BAYC NFTs, or accusations/criticism relating to Yuga's use of

5  Inflammatory Material.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

7      SBS incorporates by reference as if fully set forth in here its Preliminary

8  Statement and General Objections. SBS objects to this Request on the grounds that it

9  is overly broad, unduly burdensome, compound, vague, ambiguous, harassing, and

10  oppressive. SBS objects that this Request is not relevant to any valid claims,

11  defenses, or counterclaims to this Action, and any purported relevance is outweighed

12  by the burden imposed on nonparty SBS having to search for, review, and produce

13  such documents, to the extent they exist. SBS objects to this Request to the extent it is

14  not proportional to the needs of the case considering SBS's status as a nonparty, the

15  parties' relative access to relevant information, the parties' resources, the importance

16  of the discovery in resolving the issues, and the burden and expense that will result to

17  the Responding Party in locating and producing the requested documents (to the

18  extent they exist) compared to any benefit to Defendants or relevance to the case.

19  SBS further objects to the extent this Request calls for the disclosure of information

20  protected from disclosure by the attorney-client privilege, the attorney work product

21  doctrine, the common interest privilege, or any other privilege, doctrine, protection,

22  or immunity. SBS further objects on the grounds that this Request seeks confidential,

23  sensitive, proprietary and/or private information, and/or trade secrets. SBS objects to

24  the phrase "accusations/criticism relating to Yuga's use of Inflammatory Material"

25  and the term "Inflammatory Material" as vague, ambiguous, compound, overly broad,

26  unduly burdensome, oppressive, nonsensical, and drawing a legal conclusion.

27      SBS objects to the extent the information sought by this Request is equally or

28  exclusively within the possession, custody, or control of one or more of the Parties to

7

1   the Action, and to the extent that discovery on the same matter has not been

2   exhausted from the Parties to the Action.

3

4   **REQUEST FOR PRODUCTION NO. 3:**

5          All Documents and Communications between Strange Brew Strategies and any

6   newspapers, magazines, or other publications regarding this Litigation, the

7   Complaint, the Asserted Marks, the Defendants, RR/BAYC NFTs, or

8   accusations/criticism relating to Yuga's use of Inflammatory Material.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10         SBS incorporates by reference as if fully set forth in here its Preliminary

11  Statement and General Objections. SBS objects to this Request on the grounds that it

12  is overly broad, unduly burdensome, compound, vague, ambiguous, harassing, and

13  oppressive. SBS objects that this Request is not relevant to any valid claims,

14  defenses, or counterclaims to this Action, and any purported relevance is outweighed

15  by the burden imposed on nonparty SBS having to search for, review, and produce

16  such documents, to the extent they exist. SBS objects to this Request to the extent it is

17  not proportional to the needs of the case considering SBS's status as a nonparty, the

18  parties' relative access to relevant information, the parties' resources, the importance

19  of the discovery in resolving the issues, and the burden and expense that will result to

20  the Responding Party in locating and producing the requested documents (to the

21  extent they exist) compared to any benefit to Defendants or relevance to the case.

22  SBS further objects to the extent this Request calls for the disclosure of information

23  protected from disclosure by the attorney-client privilege, the attorney work product

24  doctrine, the common interest privilege, or any other privilege, doctrine, protection,

25  or immunity. SBS further objects on the grounds that this Request seeks confidential,

26  sensitive, proprietary and/or private information, and/or trade secrets. SBS objects to

27  the phrase "accusations/criticism relating to Yuga's use of Inflammatory Material"

28

and the term "Inflammatory Material" as vague, ambiguous, compound, overly broad, unduly burdensome, oppressive, nonsensical, and drawing a legal conclusion.

Subject to and without waiving these objections, SBS responds as follows: SBS will produce relevant, non-privileged documents and communications, if any, with any newspapers, magazines, or other publications regarding Ryder Ripps and Jeremy Cahen shared with third parties and not already in the possession, custody, or control of one or more of the Parties to this Action.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents discussing any strategy or plans surrounding how to address this Litigation, the Complaint, the Asserted Marks, the Defendants, RR/BAYC NFT, or accusations/criticism relating to Yuga's use of Inflammatory Material through meetings, conversations, or communications with any celebrities, influencers, journalists, public persons, or publications including but not limited to newspapers and magazines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

SBS incorporates by reference as if fully set forth in here its Preliminary Statement and General Objections. SBS objects to this Request on the grounds that it is overly broad, unduly burdensome, compound, vague, ambiguous, harassing, and oppressive. SBS objects that this Request is not relevant to any valid claims, defenses, or counterclaims to this Action, and any purported relevance is outweighed by the burden imposed on nonparty SBS having to search for, review, and produce such documents, to the extent they exist. SBS objects to this Request to the extent it is not proportional to the needs of the case considering SBS's status as a nonparty, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense that will result to the Responding Party in locating and producing the requested documents (to the extent they exist) compared to any benefit to Defendants or relevance to the case.

9

1   SBS further objects to the extent this Request calls for the disclosure of information

2   protected from disclosure by the attorney-client privilege, the attorney work product

3   doctrine, the common interest privilege, or any other privilege, doctrine, protection,

4   or immunity. SBS further objects on the grounds that this Request seeks confidential,

5   sensitive, proprietary and/or private information, and/or trade secrets. SBS objects to

6   the phrase "accusations/criticism relating to Yuga's use of Inflammatory Material"

7   and the term "Inflammatory Material" as vague, ambiguous, compound, overly broad,

8   unduly burdensome, oppressive, nonsensical, and drawing a legal conclusion. SBS

9   objects to this Request to the extent it assumes the existence of documents that do not

10  exist.

11      Subject to and without waiving these objections, SBS responds as follows:

12  SBS will produce relevant, non-privileged documents and communications, if any,

13  regarding Ryder Ripps and Jeremy Cahen shared with third parties and not already in

14  the possession, custody, or control of one or more of the Parties to this Action.

15

16  **REQUEST FOR PRODUCTION NO. 5:**

17      All Documents and Communications between Yuga and Strange Brew

18  Strategies regarding posting or responding to posts on Digital Platforms regarding

19  this Litigation, the Complaint, the Asserted Marks, the Defendants, RR/BAYC NFTs,

20  or accusations/criticism relating to Yuga's use of Inflammatory Material.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

22      SBS incorporates by reference as if fully set forth in here its Preliminary

23  Statement and General Objections. SBS objects to this Request on the grounds that it

24  is overly broad, unduly burdensome, compound, vague, ambiguous, harassing, and

25  oppressive. SBS objects that this Request is not relevant to any valid claims,

26  defenses, or counterclaims to this Action, and any purported relevance is outweighed

27  by the burden imposed on nonparty SBS having to search for, review, and produce

28  such documents, to the extent they exist. SBS objects to this Request to the extent it is

not proportional to the needs of the case considering SBS's status as a nonparty, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense that will result to the Responding Party in locating and producing the requested documents (to the extent they exist) compared to any benefit to Defendants or relevance to the case. SBS further objects to the extent this Request calls for the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege, doctrine, protection, or immunity. SBS further objects on the grounds that this Request seeks confidential, sensitive, proprietary and/or private information, and/or trade secrets. SBS objects to the phrase "accusations/criticism relating to Yuga's use of Inflammatory Material" and the terms "Inflammatory Material" and "Digital Platform" as vague, ambiguous, compound, overly broad, unduly burdensome, oppressive, nonsensical, and drawing a legal conclusion. SBS objects to this Request to the extent it assumes the existence of documents that do not exist.

SBS objects to the extent the information sought by this Request is equally or exclusively within the possession, custody, or control of one or more of the Parties to the Action, and to the extent that discovery on the same matter has not been exhausted from the Parties to the Action.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents discussing any strategy or plans surrounding how to address this Litigation, the Complaint, the Asserted Marks, the Defendants, RR/BAYC, or accusations/criticism relating to Yuga's use of Inflammatory Material. NFTs through posting or responding to posts on Digital Platforms. [*sic*]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

SBS incorporates by reference as if fully set forth in here its Preliminary Statement and General Objections. SBS objects to this Request on the grounds that it

is overly broad, unduly burdensome, compound, vague, ambiguous, harassing, and oppressive. SBS objects that this Request is not relevant to any valid claims, defenses, or counterclaims to this Action, and any purported relevance is outweighed by the burden imposed on nonparty SBS having to search for, review, and produce such documents, to the extent they exist. SBS objects to this Request to the extent it is not proportional to the needs of the case considering SBS's status as a nonparty, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense that will result to the Responding Party in locating and producing the requested documents (to the extent they exist) compared to any benefit to Defendants or relevance to the case. SBS further objects to the extent this Request calls for the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege, doctrine, protection, or immunity. SBS further objects on the grounds that this Request seeks confidential, sensitive, proprietary and/or private information, and/or trade secrets. SBS objects to the phrase "accusations/criticism relating to Yuga's use of Inflammatory Material" and the terms "Inflammatory Material" and "Digital Platform" as vague, ambiguous, compound, overly broad, unduly burdensome, oppressive, nonsensical, and drawing a legal conclusion. SBS objects to the second sentence "NFTs through posting or responding to posts on Digital Platforms," as vague, ambiguous, and nonsensical. SBS objects to this Request to the extent it assumes the existence of documents that do not exist.

Subject to and without waiving these objections, SBS responds as follows: SBS will produce relevant, non-privileged documents and communications, if any, regarding Ryder Ripps and Jeremy Cahen shared with third parties and not already in the possession, custody, or control of one or more of the Parties to this Action.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications between Yuga and Strange Brew
Strategies regarding Inflammatory Material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

SBS incorporates by reference as if fully set forth in here its Preliminary
Statement and General Objections. SBS objects to this Request on the grounds that it
is overly broad, unduly burdensome, vague, ambiguous, harassing, and oppressive.
SBS objects that this Request is not relevant to any valid claims, defenses, or
counterclaims nor tailored to the Parties to this Action, and any purported relevance is
outweighed by the burden imposed on nonparty SBS having to search for, review,
and produce such documents, to the extent they exist. SBS objects to this Request to
the extent it is not proportional to the needs of the case considering SBS's status as a
nonparty, the parties' relative access to relevant information, the parties' resources,
the importance of the discovery in resolving the issues, and the burden and expense
that will result to the Responding Party in locating and producing the requested
documents (to the extent they exist) compared to any benefit to Defendants or
relevance to the case. SBS further objects to the extent this Request calls for the
disclosure of information protected from disclosure by the attorney-client privilege,
the attorney work product doctrine, the common interest privilege, or any other
privilege, doctrine, protection, or immunity. SBS further objects on the grounds that
this Request seeks confidential, sensitive, proprietary and/or private information,
and/or trade secrets. SBS objects to the term "Inflammatory Material" as vague,
ambiguous, compound, overly broad, unduly burdensome, oppressive, nonsensical,
and drawing a legal conclusion. SBS objects to this Request to the extent it draws a
legal conclusion and assumes the existence of documents that do not exist.

SBS objects to the extent the information sought by this Request is equally or
exclusively within the possession, custody, or control of one or more of the Parties to
the Action, and to the extent that discovery on the same matter has not been
exhausted from the Parties to the Action.

1

2 **REQUEST FOR PRODUCTION NO. 8:**

3      All Documents discussing any strategy or plans surrounding how to address

4 Yuga's use of Inflammatory Material.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

6      SBS incorporates by reference as if fully set forth in here its Preliminary

7 Statement and General Objections. SBS objects to this Request on the grounds that it

8 is overly broad, unduly burdensome, vague, ambiguous, harassing, and oppressive.

9 SBS objects that this Request is not relevant to any valid claims, defenses, or

10 counterclaims nor tailored to the Parties to this Action, and any purported relevance is

11 outweighed by the burden imposed on nonparty SBS having to search for, review,

12 and produce such documents, to the extent they exist. SBS objects to this Request to

13 the extent it is not proportional to the needs of the case considering SBS's status as a

14 nonparty, the parties' relative access to relevant information, the parties' resources,

15 the importance of the discovery in resolving the issues, and the burden and expense

16 that will result to the Responding Party in locating and producing the requested

17 documents (to the extent they exist) compared to any benefit to Defendants or

18 relevance to the case. SBS further objects to the extent this Request calls for the

19 disclosure of information protected from disclosure by the attorney-client privilege,

20 the attorney work product doctrine, the common interest privilege, or any other

21 privilege, doctrine, protection, or immunity. SBS further objects on the grounds that

22 this Request seeks confidential, sensitive, proprietary and/or private information,

23 and/or trade secrets. SBS objects to the term "Inflammatory Material" as vague,

24 ambiguous, compound, overly broad, unduly burdensome, oppressive, nonsensical,

25 and drawing a legal conclusion. SBS objects to this Request to the extent it draws a

26 legal conclusion and assumes the existence of documents that do not exist.

27      Subject to and without waiving these objections, SBS responds as follows:

28 SBS will produce relevant, non-privileged documents and communications, if any,

14

1    regarding Ryder Ripps and Jeremy Cahen shared with third parties and not already in

2    the possession, custody, or control of one or more of the Parties to this Action.

3

4    **REQUEST FOR PRODUCTION NO. 9:**

5            Any press releases, public statements, speeches, Documents, or posts on

6    Digital Platforms that Strange Brew Strategies drafted regarding this Litigation, the

7    Complaint, the Asserted Marks, the Defendants, RR/BAYC NFTs, or

8    accusations/criticism relating to Yuga's use of Inflammatory Material., including

9    initial versions or drafts.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

11           SBS incorporates by reference as if fully set forth in here its Preliminary

12   Statement and General Objections. SBS objects to this Request on the grounds that it

13   is overly broad, unduly burdensome, compound, vague, ambiguous, harassing, and

14   oppressive. SBS objects that this Request is not relevant to any valid claims,

15   defenses, or counterclaims to this Action, and any purported relevance is outweighed

16   by the burden imposed on nonparty SBS having to search for, review, and produce

17   such documents, to the extent they exist. SBS objects to this Request to the extent it is

18   not proportional to the needs of the case considering SBS's status as a nonparty, the

19   parties' relative access to relevant information, the parties' resources, the importance

20   of the discovery in resolving the issues, and the burden and expense that will result to

21   the Responding Party in locating and producing the requested documents (to the

22   extent they exist) compared to any benefit to Defendants or relevance to the case.

23   SBS further objects to the extent this Request calls for the disclosure of information

24   protected from disclosure by the attorney-client privilege, the attorney work product

25   doctrine, the common interest privilege, or any other privilege, doctrine, protection,

26   or immunity. SBS further objects on the grounds that this Request seeks confidential,

27   sensitive, proprietary and/or private information, and/or trade secrets. SBS objects to

28   the phrase "accusations/criticism relating to Yuga's use of Inflammatory Material"

1  and the term "Inflammatory Material" as vague, ambiguous, compound, overly broad,
2  unduly burdensome, oppressive, nonsensical, and drawing a legal conclusion.

3        Subject to and without waiving these objections, SBS responds as follows:
4  SBS will produce relevant, non-privileged press releases, public statements, speeches,
5  Documents, or posts, if any, regarding Bored Ape Yacht Club, Ryder Ripps, or
6  Jeremy Cahen shared with third parties and not already in the possession, custody, or
7  control of one or more of the Parties to this Action.

8
9  **REQUEST FOR PRODUCTION NO. 10:**

10       All Documents and Communications regarding Yuga's retainer of Strange
11 Brew Strategies, including but not limited to Documents and Communications
12 regarding the scope of work that Strange Brew Strategies agreed to provide to Yuga.
13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

14       SBS incorporates by reference as if fully set forth in here its Preliminary
15 Statement and General Objections. SBS objects to this Request on the grounds that it
16 is overly broad, unduly burdensome, vague, ambiguous, harassing, and oppressive.
17 SBS objects that this Request is not relevant to any valid claims, defenses, or
18 counterclaims to this Action, and any purported relevance is outweighed by the
19 burden imposed on nonparty SBS having to search for, review, and produce such
20 documents, to the extent they exist. SBS objects to this Request to the extent it is not
21 proportional to the needs of the case considering SBS's status as a nonparty, the
22 parties' relative access to relevant information, the parties' resources, the importance
23 of the discovery in resolving the issues, and the burden and expense that will result to
24 the Responding Party in locating and producing the requested documents (to the
25 extent they exist) compared to any benefit to Defendants or relevance to the case.
26 SBS further objects to the extent this Request calls for the disclosure of information
27 protected from disclosure by the attorney-client privilege, the attorney work product
28 doctrine, the common interest privilege, or any other privilege, doctrine, protection,

16

or immunity. SBS further objects on the grounds that this Request seeks confidential, sensitive, proprietary and/or private information, and/or trade secrets.

SBS objects to the extent the information sought by this Request is equally or exclusively within the possession, custody, or control of one or more of the Parties to the Action, and to the extent that discovery on the same matter has not been exhausted from the Parties to the Action.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications regarding any research Strange Brew Strategies or Yuga conducted on Ryder Ripps or Jeremy Cahen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

SBS incorporates by reference as if fully set forth in here its Preliminary Statement and General Objections. SBS objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, harassing, and oppressive. SBS objects that this Request is not relevant to any valid claims, defenses, or counterclaims to this Action, and any purported relevance is outweighed by the burden imposed on nonparty SBS having to search for, review, and produce such documents, to the extent they exist. SBS objects to this Request to the extent it is not proportional to the needs of the case considering SBS's status as a nonparty, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense that will result to the Responding Party in locating and producing the requested documents (to the extent they exist) compared to any benefit to Defendants or relevance to the case. SBS further objects to the extent this Request calls for the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege, doctrine, protection, or immunity. SBS further objects on the grounds that this Request seeks confidential,

sensitive, and/or private information. SBS objects to the term "research" as vague, ambiguous, compound, overly broad, unduly burdensome, and oppressive.

Subject to and without waiving these objections, SBS responds as follows: SBS will produce relevant, non-privileged documents and communications, if any, regarding Ryder Ripps and Jeremy Cahen shared with third parties and not already in the possession, custody, or control of one or more of the Parties to this Action.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications regarding strategies, plans, or activities by Yuga or Strange Brew Strategies aimed at discrediting, disproving, criticizing, or moving public attention away from Ryder Ripps or Jeremy Cahen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

SBS incorporates by reference as if fully set forth in here its Preliminary Statement and General Objections. SBS objects to this Request on the grounds that it is overly broad, unduly burdensome, compound, vague, ambiguous, harassing, and oppressive. SBS objects that this Request is not relevant to any valid claims, defenses, or counterclaims to this Action, and any purported relevance is outweighed by the burden imposed on nonparty SBS having to search for, review, and produce such documents, to the extent they exist. SBS objects to this Request to the extent it is not proportional to the needs of the case considering SBS's status as a nonparty, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense that will result to the Responding Party in locating and producing the requested documents (to the extent they exist) compared to any benefit to Defendants or relevance to the case. SBS further objects to the extent this Request calls for the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege, doctrine, protection, or immunity. SBS further objects on the grounds that this Request seeks confidential,

sensitive, and/or private information. SBS objects to the phrase "aimed at discrediting, disproving, criticizing, or moving public attention away from" as vague, ambiguous, compound, overly broad, unduly burdensome, oppressive, nonsensical, self-contradictory, and drawing a legal conclusion.

Subject to and without waiving these objections, SBS responds as follows: SBS will produce relevant, non-privileged documents and communications, if any, regarding Ryder Ripps and Jeremy Cahen shared with third parties and not already in the possession, custody, or control of one or more of the Parties to this Action.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications regarding or involving the Yuga Founders or Guy Oseary regarding the BAYC NFT collection and any related goods, services, promotional activities, or marketing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

SBS incorporates by reference as if fully set forth in here its Preliminary Statement and General Objections. SBS objects to this Request on the grounds that it is overly broad, unduly burdensome, compound, vague, ambiguous, harassing, and oppressive. SBS objects that this Request is not relevant to any valid claims, defenses, or counterclaims nor tailored to the Parties to this Action, and any purported relevance is outweighed by the burden imposed on nonparty SBS having to search for, review, and produce such documents, to the extent they exist. SBS objects to this Request to the extent it is not proportional to the needs of the case considering SBS's status as a nonparty, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense that will result to the Responding Party in locating and producing the requested documents (to the extent they exist) compared to any benefit to Defendants or relevance to the case. SBS further objects to the extent this Request calls for the disclosure of information protected from disclosure by the attorney-client

1  privilege, the attorney work product doctrine, the common interest privilege, or any

2  other privilege, doctrine, protection, or immunity. SBS further objects on the grounds

3  that this Request seeks confidential, sensitive, proprietary and/or private information,

4  and/or trade secrets.

5       SBS objects to the extent the information sought by this Request is equally or

6  exclusively within the possession, custody, or control of one or more of the Parties to

7  the Action, and to the extent that discovery on the same matter has not been

8  exhausted from the Parties to the Action.

9

10

11  Dated: January 13, 2023                    JASSY VICK CAROLAN LLP

12                                             By:  /s/ Meghan Fenzel
                                               Meghan Fenzel
13
                                               Attorney for Nonparty
14                                             Strange Brew Strategies

15

16

17

18

19

20

21

22

23

24

25

26

27

28