# EXHIBIT 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | **January 17, 2023** |
|---|---|---|---|
| Title | **Yuga Labs, Inc. v. Ripps, et al.** | | |

Present: The Honorable   **JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE**

| S. Lorenzo | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | None |

**Proceedings:**   **ORDER RE DEFENDANTS RYDER RIPPS' AND JEREMY CAHEN'S MOTION TO COMPEL (Dkt. No. 69)**

On December 28, 2022, Defendants Ryder Ripps and Jeremy Cahen filed a Motion To Compel Plaintiff Yuga Labs, Inc. ("Plaintiff" or "Yuga") to produce documents and responses to interrogatories. (Dkt. 69.) On that same date, the parties filed a Joint Stipulation. (Dkt. 69-1.) On January 10, 2023, both parties filed a Supplemental Memorandum. (Dkt. 80, 81.) The Court DENIES the Motion.[1]

The Court makes the following rulings:

1. <u>Interrogatory No. 14, Request for Production Nos. 5, 7, 9, 32-34, 39, 51 and 53 (Discovery relating to Yuga's use of racist neo-Nazi messages and imagery)</u>. The Court agrees with Yuga that the above discovery requests are moot, irrelevant and not proportionate to the needs of the case in view of the District Court's December 16, 2022 ruling. (Dkt. 62.) Defendants say that discovery related to Yuga' pretext theory should be permitted but the above discovery requests do not seek documents or answers relevant to pretext. They seek information about Inflammatory Material which is now moot in view of the District Court's December 16, 2022 ruling. Defendants even have appealed

---

[1] The Court finds this matter appropriate for resolution without oral argument and thus vacated the January 24, 2023 hearing date on the Motion. (Dkt. 73.) <u>See</u> F. R. Civ. P. 78(b); Local Rule 5-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | **January 17, 2023** |
|---|---|---|---|
| Title | **Yuga Labs, Inc. v. Ripps, et al.** | | |

that ruling. (Dkt. 63, 64.) Yuga need not respond to the above discovery requests at this time.

In its Supplemental Memorandum (Dkt. 80), however, Defendants claim their discovery requests are relevant to counterclaims they filed on December 27, 2022. (Dkt. 65.) The issue is premature and not properly before the Court yet, and Yuga plans to move to dismiss those counterclaims. The issue of whether Defendants can introduce the Inflammatory Material by the backdoor of a counterclaim is a merits issue within the province of the District Court. Thus, the Court will withhold ruling on whether Yuga must respond to the above discovery requests as to Defendants' counterclaims until the District Court rules on the viability of those counterclaims.

2. <u>Interrogatory No. 2 (all persons involved in creating BAYC NFTS)</u>. Yuga provided a supplemental interrogatory response that lists the names of Yuga's employees involved in the creation of the marks. Yuga withheld the name of the third party designer because the origin of the marks is not in dispute and thus not relevant. The District Court's December 16, 2022 Order, moreover, renders moot discovery regarding Inflammatory Material, as discussed above. The origin of the marks only has relevance to the Inflammatory Material.

3. <u>Request for Production No. 48 (Yuga's damages)</u>. Defendants assert that Yuga has produced no responsive documents to this Request. In fact, Yuga filed a supplemental response with financial information on December 21, 2022. (JS at 43-46.)

4. <u>Request for Production No. 17 (Yuga's document retention practices)</u>. Yuga supplemented its response to state that it had no documents related to general document retention policies. No more is required.

5. <u>Request for Production Nos. 28 and 29 (documents on lack of consumer confusion)</u>. Yuga produced enforcement materials related to Defendants' confusing use of Yuga's marks and communications about those enforcement efforts and social media captures showing consumer confusion. (JS at 5 n.3.)

6. <u>Deposition Scheduling</u>. The parties do not address deposition scheduling in their Supplemental Memorandums. The Court assumes that the parties have resolved any issues about deposition scheduling.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 22-4355 JFW (JEMx) | Date | January 17, 2023 |
|---|---|---|---|
| Title | Yuga Labs, Inc. v. Ripps, et al. | | |

The Court reminds the parties of their duty under Rule 37-1 to confer in good faith to reduce or eliminate issues in dispute before filing any discovery motions.

|  | : |
|---|---|
| Initials of Preparer | slo |