# EXHIBIT 7



Meghan Fenzel <mfenzel@jassyvick.com>

# Yuga Labs v. Ripps - recent filings and SBS

**Nikogosyan, Henry** <Henry.Nikogosyan@wilmerhale.com>  Fri, Feb 24, 2023 at 4:55 PM
To: Eric Ball <eball@fenwick.com>, Meghan Fenzel <mfenzel@jassyvick.com>
Cc: Kevin Vick <kvick@jassyvick.com>, WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>, Anthony Fares <AFares@fenwick.com>, Ethan Thomas <EThomas@fenwick.com>, Kimberly Culp <KCulp@fenwick.com>

Eric,

The statements in your email are not taken well.  First of all, Yuga itself has issued numerous non-party subpoenas in this case containing overbroad and facially irrelevant requests.  Yuga has also insisted that the third parties that it targeted with these subpoenas produce materials.  These non-parties include Ian Garner, Yoram Dor, Magdalena Sawon, Rochelle Booth, and many others.

In your email encouraging SBS to ignore Defendants' subpoena, Yuga is now taking the opposite position to discourage a third party from complying with its subpoena obligations.  This is improper, and we ask that Yuga refrain from engaging in this kind of improper litigation conduct going forward.

SBS has reached an agreement with Defendants to produce documents in the final week of February.  It is SBS' decision, not yours, whether it wishes to abide by the agreement that it made, or whether it intends instead to move to quash the subpoena.

Regards,

Henry

---

**From:** Eric Ball <eball@fenwick.com>
**Sent:** Friday, February 24, 2023 3:07 PM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>; Meghan Fenzel <mfenzel@jassyvick.com>
**Cc:** Kevin Vick <kvick@jassyvick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>; Anthony Fares <AFares@fenwick.com>; Ethan Thomas <EThomas@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>
**Subject:** RE: Yuga Labs v. Ripps - recent filings and SBS

EXTERNAL SENDER

Henry,

We disagree with your mischaracterization as to the current state of discovery. As you know, the parties currently dispute whether a number of Defendants' discovery requests in the motion to compel impermissibly call for documents related to Inflammatory Material and Defendants' counterclaims (both of which are precluded by the Court's January 17 Order). The parties also currently dispute whether documents related to Defendants' unclean hands affirmative defense theory are relevant or proportionate to the case. Accordingly, your statement that "all issues pending before the court strictly related to Plaintiff's claims" ignores the dispute currently before the Court, particularly Yuga Lab's position that all of these requests are Defendants' backdoor attempts to repeatedly try to obtain the same invasive, irrelevant, and objectionable discovery through different avenues.

We understand the categories of documents requested from Strange Brew Strategies cover these same irrelevant and harassing topics. Given that these issues are currently pending before the Court (or the court has already ruled are not proper discovery), it is improper to require a non-party to produce such documents.

Finally, we have now also received Defendants' motion to stay the proceedings. Defendants' motion claims that a stay will alleviate the burdens on third parties—which would include parties like Strange Brew Strategies. We would hope that you would take your motion into consideration as Ms. Fenzel requests.

Eric Ball

Fenwick | Partner | 650-335-7635 | eball@fenwick.com

---

**From:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Sent:** Friday, February 17, 2023 11:43 PM
**To:** Meghan Fenzel <mfenzel@jassyvick.com>
**Cc:** Eric Ball <eball@fenwick.com>; Kevin Vick <kvick@jassyvick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>; Anthony Fares <AFares@fenwick.com>; Ethan Thomas <EThomas@fenwick.com>; Kimberly Culp <KCulp@fenwick.com>
**Subject:** RE: Yuga Labs v. Ripps - recent filings and SBS

** EXTERNAL EMAIL **

Meghan,

Unfortunately, we cannot agree suspend our subpoena to SBS. The parties have yet to file any motion to stay proceedings, and resolution of that motion would occur days before the discovery cut-off on April 3, 2023. This means that Defendants will have no opportunity to take discovery after the stay is lifted and, as a result, suspending any non-party discovery would irreparably prejudice the Defendants.

We also note that Defendants have not moved to compel production on any counterclaims—all issues pending before the court strictly related to Plaintiff's claims. And, in fact, there has been ongoing discovery on counterclaims in this case since as early as January 11.

If your understanding of all this is different, please let me know. Perhaps I can be helpful.

I also note that during our prior call, we discussed the scope of document production to ensure that we can minimize the burden on SBS. Specifically, we discussed how many of the responsive materials would come from a single custodian and we also agreed to take the noticed deposition off calendar to help reduce costs and loss of time for SBS.

Granted these circumstances, it would be best to stay the course we agreed on during our prior call. If you have any question, I am always available to chat.

Kind regards,

Henry

---

**From:** Meghan Fenzel <mfenzel@jassyvick.com>
**Sent:** Friday, February 17, 2023 6:16 PM
**To:** Nikogosyan, Henry <Henry.Nikogosyan@wilmerhale.com>
**Cc:** Eric Ball <eball@fenwick.com>; Kevin Vick <kvick@jassyvick.com>; WH Ripps-Yuga Labs Team <WHRipps-YugaLabsTeam@wilmerhale.com>; afares@fenwick.com; ethomas@fenwick.com; kculp@fenwick.com
**Subject:** Yuga Labs v. Ripps - recent filings and SBS

**EXTERNAL SENDER**

Hi Henry,

We understand from the docket that Defendants intend to file a motion to stay all proceedings and have also brought a motion to compel discovery on counterclaims from Yuga Labs.

As a nonparty, SBS has no interest in wading into the parties' discovery disputes. Nor is it appropriate for a small nonparty to expend resources rushing to produce documents in a case that may be paused indefinitely. Please confirm that SBS can stand down on nonparty discovery until the Court has resolved how the case is proceeding and what is the proper scope of discovery.

Thank you and have a nice long weekend,

--

**Meghan Fenzel**

Jassy Vick Carolan LLP | 310-870-7048 | mfenzel@jassyvick.com

355 S. Grand Ave., Suite 2450 | Los Angeles, CA 90071

601 Montgomery Street, Suite 850  | San Francisco, CA 94111
jassyvick.com