# EXHIBIT 8

# JASSY VICK CAROLAN

### LOS ANGELES    SAN FRANCISCO

355 South Grand Avenue, Suite 2450 | Los Angeles, CA 90071 | T 310.870.7048 | F 310.870.7010 | JASSYVICK.COM

Meghan E. Fenzel
mfenzel@jassyvick.com

March 1, 2023

**<u>VIA EMAIL</u>**

Louis W. Tompros
Monica Grewal
Scott W. Bertulli
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
louis.tompros@wilmerhale.com
monica.grewal@wilmerhale.com
scott.bertulli@wilmerhale.com

Derek Gosma
Henry Nikogosyan
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
derek.gosma@wilmerhale.com
henry.nikogosyan@wilmerhale.com

Re:   SBS Nonparty Subpoenas in *Yuga Labs Inc. v. Ryder Ripps et al.*, Case No. 2:22-cv-4355-JFW-JEM (C.D. Cal.)

Dear Counsel:

     I'm writing to meet and confer regarding Defendants Ryder Ripps and Jeremy Cahen's two subpoenas served on our client, nonparty public relations company Strange Brew Strategies. As you are aware, we had previously discussed a compromise regarding the document subpoena to SBS based on a pair of core premises: (1) that SBS should only be expected to produce documents related to *ongoing* discovery, and (2) Yuga Labs, as the plaintiff, was producing relevant documents in their possession.

     However, we have recently learned that those premises were inaccurate. Defendants are seeking to burden nonparty SBS with discovery on issues that are the subject of pending motion practice between the parties regarding whether such issues are properly within the scope of the case. Given the parties' unresolved disputes, it is not fair to make SBS respond to discovery on those same contested subjects unless and until the Court determines that such subjects are properly within the scope of the case.

     Accordingly, SBS requests that Defendants stand down on their subpoenas to SBS until such time as that occurs. If Defendants cannot agree, as Defendants' counsel's February 24 email suggested, then SBS will have no choice but to proceed to motion practice pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3).

March 1, 2023
Page 2

<u>The Resolution of the Parties' Ongoing Disputes Must Inform This Nonparty Discovery</u>

On January 20, we had come to what seemed like a fair understanding regarding a reasonable scope of production, but in the intervening weeks, we learned that it was based on inaccurate premises. We understood at that time that, in light of Judge McDermott's January 17 order, the parties agreed that discovery was paused on all counterclaims related to "Inflammatory Materials," but discovery was otherwise ongoing with respect to Defendants' counterclaims. *See* Dkt. 87. However, we subsequently learned that Yuga Labs disputed all discovery related to Defendants counterclaims and unclean hands affirmative defense, arguing in February 15 filings that such discovery was improper pending the resolution of their anti-SLAPP motion. *See* Dkts. 130-1, 130-9, 130-14. Yuga Labs confirmed their position in a February 24 email to Defendants' and SBS's counsel.

In short, there are multiple pending motions between the parties contesting the proper scope of discovery with respect to subject matter that directly implicates the subpoenas to SBS. *See, e.g.*, Dkts. 89, 103, 118. SBS has no interest in wading into the middle of the parties' disputes. SBS should not be asked to produce discovery related to these contested issues until the Court resolves these disputes. That is an undue burden to impose on a nonparty.

If necessary, SBS will seek a protective order suspending the subpoenas, or, alternatively, quashing the document subpoena until the parties' pending disputes are resolved. Fed. R. Civ. P. 26(c), 45(d)(3).

Relatedly, where the Court has (or will) set parameters for party discovery, SBS should not be expected to provide discovery that exceeds those bounds. *See, e.g.* Dkts. 87, 103. It would be a waste of everyone's resources—especially the Court's—to relitigate the same discovery disputes. If Defendants cannot agree to extend the logic of the Court's orders to SBS, then SBS will have no choice but to seek a protective order clarifying that orders limiting the scope discovery or claims at issue apply to SBS. Fed. R. Civ. P. 26(c).

Moreover, if the Court dismisses and/or strikes the counterclaims that provide the basis for Defendants' discovery from SBS, the subpoenas should be suspended. Similarly, if the Court stays all proceedings pending appeals, the subpoenas should be suspended. If Defendants do not agree that they will suspend the subpoenas following such rulings, SBS will move for a protective order and move to quash the subpoena on the grounds that Defendants cannot show good cause that discovery from SBS is necessary or relevant to establish any viable claim or defense. Fed. R. Civ. P. 26(c), 45(d)(3).

<u>Defendants' Motion to Stay Further Supports Awaiting the Court's Ruling</u>

In the meantime, Defendants filed a motion to stay all proceedings pending the appeal of *their* anti-SLAPP motion. *See* Dkt. 118. Per that motion, Defendants argue that, "Allowing the case to proceed as currently scheduled will accordingly produce significant inefficiencies that disproportionately burden Defendants." *Id.* at 1. The burden is even more disproportionate against nonparties. Refusing to allow even a pause in enforcing nonparty subpoenas while the Court rules on the pending motions is hard to square with Defendants' position.

March 1, 2023
Page 3

<u>Any Discovery of SBS Should Remain Within the Agreed Scope</u>

  SBS appreciates the reasonableness of the substance of Defendants' January 20 proffered compromise.  SBS merely asks that Defendants wait for the Court to resolve the outstanding motion practice and party disputes discussed above before imposing the burden on nonparty SBS with respect to discovery that may prove unnecessary and outside the scope of what the Court believes proper here.  As part of the previously discussed compromise, on January 20, we discussed that discovery from SBS would be limited to documents related to Defendants and their IIED and NIED counterclaims not already in possession, custody, or control of either or both parties.  We also discussed that in light of the high-profile nature of the case and Defendants' online activities, counsel would maintain the confidentiality of personal contact information.  Defense counsel kindly recognized the burden imposed on a small nonparty and agreed that a limited scope production was appropriate.  We also discussed taking the SBS deposition off calendar.

  <u>We continue to believe that this would be the reasonable scope of discovery from SBS, but only to the extent that the parties are actively engaged in discovery on Defendants' counterclaims and those claims remain viable and the Court's rulings on pending matters reflect that the Court believes such issues are properly in this case.</u>[1]

  Please let us know when you are available to meet and confer by March 10, 2023.  We are not available on March 9.  We invite an opportunity to renew our agreement and avoid motion practice, but please be advised that we will take the necessary steps to protect our rights before the court.

                   Very truly yours,

                   Meghan E. Fenzel

CC: Eric Ball          Anthony Fares
Kimberly Culp         Ethan Thomas
FENWICK & WEST LLP     FENWICK & WEST LLP
801 California Street       555 California Street, 12th Floor
Mountain View, CA 94041    San Francisco, CA 94104
eball@fenwick.com       afares@fenwick.com
kculp@fenwick.com       ethomas@fenwick.com

---

[1] If Defendants had sought to assert the full set of overly broad subpoena requests and insisted on a deposition, SBS would have moved for a protective order regarding both subpoenas and moved to quash the document subpoena.  Fed. R. Civ. P. 26(c), 45(d)(3).