# EXHIBIT 9

# WILMERHALE

March 2, 2023

Henry Nikogosyan

+1 213 443 5300 (t)
+1 213 443 5400 (f)
henry.nikogosyan@wilmerhale.com

**<u>By Electronic Mail</u>**
Meghan E. Fenzel
Jassy Vick Carolan LLP
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
mfenzel@jassyvick.com

Re:  SBS Subpoenas in *Yuga Labs, Inc. v. Ripps*, Case No. 2:22-cv-04355-JFW-JEM (C.D. Cal.)

Dear Meghan:

We are in receipt of your March 1, 2023, letter in which Strange Brew Strategies ("SBS") states that it is now refusing to comply with the subpoenas issued to it in the above-captioned case. We are both disappointed and surprised to hear of SBS sudden change of position.

As you are aware, Defendants served a document subpoena that noticed a production date of December 27, 2022. However, to lessen the burden on SBS, Defendants entered into an agreement with SBS (1) to narrow the document request, (2) to extend the document subpoena deadline for ***nine weeks,*** and (3) to hold the deposition subpoena in abeyance pending SBS's document production.

It appears that, after SBS and Defendants entered into this agreement, counsel for Plaintiff Yuga Labs, Inc. ("Yuga") interfered, and may have instructed SBS not to produce documents. Counsel for Yuga has directly been involved in email communications between Defendants and SBS, arguing that SBS has no obligation to produce documents in compliance with Defendants' subpoena. Yuga's interference with third party discovery is improper, especially since Yuga's interference included the use of demonstrably false statements—statements that have now reappeared in your March 1, 2023, letter. Each of these statements is addressed in the sections below.

**Ongoing discovery regarding Defendants' Counterclaims**

SBS's letter states that there is no ongoing discovery regarding counterclaims. This is incorrect.

***First***, there has been ongoing document production concerning Defendants' counterclaims, including productions from Yuga itself. For example, as you are aware, Defendants have asserted counterclaims for Yuga's unlawful use of the DMCA process under Section 512(f). Yuga has produced numerous documents related to that claim (the contents of which Yuga contends are confidential, but which counsel for Yuga can identify at YUGALABS_00027403-

WILMERHALE

March 2, 2023
Page 2

473; YUGALABS_00029252-397).  Yuga has also produced documents concerning Yuga's misconduct towards Defendants, which relate to the pending emotional distress claims (YUGALABS_00030338; YUGALABS_00031439).

*Second*, there have been multiple depositions in this case where both Defendants and Yuga have sought and obtained (without objection) testimony regarding Defendants' counterclaims.  Yuga, for example, asked questions of both Defendants about their emotional distress counterclaims.

Specifically, on January 11, 2023, Yuga deposed Jeremy Cahen and directly asked questions about the emotional distress that Jeremy had suffered and the intimidation tactics that Yuga had been using.  On January 12, Yuga deposed Ryder Ripps and, again, asked multiple lines of questions regarding Defendants' emotional distress claims.  Likewise, Defendants have asked questions about its counterclaims (the answers to which Yuga has designated confidential) to Yuga founder Gregory Solano on January 17, 2023, to Yuga's 30(b)(6) designee on January 24, 2023, and to Yuga partner Guy Oseary on March 1, 2023.  Notably, Yuga's counsel did not object to any of this discovery in the depositions of Mr. Solano, Yuga's 30(b)(6) designee, and Mr. Oseary.

We are surprised that Yuga would incorrectly represent to SBS that there has been no ongoing discovery regarding counterclaims.  Any such claim is false, and, to the extent it was made to discourage SBS from complying with its subpoena obligations, plainly improper litigation misconduct.

**There Are No Pending Motions Regarding Discovery on Counterclaims**

While there are several motions pending for before the court, Defendants have not filed any motions to compel based on the counterclaims.  Your email states that the February 15, 2023, filing puts into dispute whether Defendants are entitled to discovery on their counterclaims.  This is incorrect.   In that motion, Defendants are seeking discovery on Yuga's efforts to "popularize BAYC NFTs" through agreements with any "celebrity, influencer, or other public persons." *Yuga Labs, Inc. v. Ripps*, 2:22-cv-04355-JFW-JEM, Dkt. No. 103-1 at 27-28 (C.D. Cal.).  Defendants make clear that they seek this discovery because it relates to the "'use in commerce' element of trademark infringement," "ownership of the asserted marks," and "the applicable likelihood of confusion test," and the "unclean hands defense to trademark infringement."  *Id*. at 29-30.  It is facially obvious that these issues in dispute relate to trademark infringement and not infliction of emotional distress.  The February 15, 2023, filing was not made based on counterclaims, and while Yuga has made some statements regarding counterclaims in its response (within the same document), that does not change the fact that the motion requests relief based on Yuga's trademark claims, not Defendants' counterclaims.

WILMERHALE

March 2, 2023
Page 3

Moreover, counsel for Yuga **had** served a joint stipulation (as part of their representation of Mr. Oseary), seeking a protective order from the Court to block discovery on counterclaims. But tellingly, Yuga and Mr. Oseary's counsel **withdrew** that joint stipulation and **did not object** when Defendants deposed Mr. Oseary regarding Defendants' counterclaims.

**The Pending Motion to Dismiss Does Not Stay Discovery**

Judge Walter, who presides over this case, has issued an order in this case providing that discovery commences immediately after claims are filed. Specifically, the order provides that "[c]ounsel shall begin to actively conduct discovery before the Fed. R. Civ. P. 26(f) conference because at the Scheduling Conference the Court will impose tight deadlines to complete discovery." *Yuga Labs, Inc. v. Ripps*, 2:22-cv-04355-JFW-JEM, Dkt. No. 14 at 7 (C.D. Cal.). Judge Walter issued the scheduling order in this case on October 21, 2022, more than four months ago. Thus, the standing order is clear, discovery proceeds regardless of any pending motion to dismiss.

Your letter also incorrectly states that Judge McDermott's January 17, 2023, order stayed discovery on counterclaims. That is incorrect. The order stated simply that it was premature to rule on any motion to compel. *Yuga Labs, Inc. v. Ripps*, 2:22-cv-04355-JFW-JEM, Dkt. No. 87 at 1 (C.D. Cal.). It did not stay discovery on counterclaims. *Id*. Moreover, Yuga has not sought stay on discovery regarding counterclaims and has actively pursued and permitted discovery on these issues, as discussed above.

**The Pending Motion to Stay Does Not Justify Subpoena Non-Compliance**

While we agree that this case should be stayed pending appeal to reduce the burden on all parties, the Court has not ruled on the motion, and it is unclear if Defendants' request will be granted prior to the close of discovery. Because Yuga has refused to consent to a stay, Defendants are left with no choice but to pursue the necessary discovery from SBS now.

We hope that SBS will abide by its agreement and produce the relevant documents immediately. If SBS wishes to confer and seek a protective order, however, we will be available tomorrow any time after 4:00 p.m.

Sincerely,

Henry Nikogosyan